**STATE v. MAHR et al. ***

No. 4562.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

---

*Rehearing denied February 5, 1934.

Justin C. Daspit, of Baton Rouge, and J. B. Dawkins, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh and McHenry, Montgomery, Lamkin & Lamkin, all of Monroe, for appellees.

DREW, Judge.

The state of Louisiana, through its supervisor of public accounts, filed this suit against T. C. Mahr and his surety, the Great American Indemnity Company, for the collection of $1,199.25, alleged to be due for gasoline taxes, with 20 per cent. penalties and 10 per cent. attorney's fees.

Plaintiff alleged that from June 1 to June 20, 1932, defendant Mahr imported into this state an aggregate of 24,727 gallons of gasoline, or a net of 23,885 taxable gallons, after deducting the 3 per cent. shrinkage allowed by law, which gas was sold and held for sale and distribution herein and upon which there were taxes due at 5 cents per gallon, or $1,199.25; that said taxes became delinquent on July 20, 1932; that defendant had filed a bond with the Great American Indemnity Company as surety thereon to guarantee the payment of taxes due on said gasoline; and that the state of Louisiana was entitled to collect said taxes, penalties, and attorney's fees from defendant Mahr and his surety, in solido.

Plaintiff further alleged that by failing to pay the taxes when same became due, and by failing to file additional bond when called upon to do so, defendant Mahr had violated the provisions of Act No. 6 of the Extra Session of 1928, as amended by Act No. 8 of 1930, and asked for an injunction restraining said defendant from further operations as a retail dealer in gasoline. Rule to show cause why a preliminary injunction should not issue was served on defendant Mahr who, after demanding oyer of the bond alleged upon in plaintiff's petition, filed an exception of no cause and right of action to the demand for an injunction. This exception was sustained and accordingly the injunction feature was dismissed and is not urged in this court.

In answer to the merits, defendant Mahr admitted his importation of the gasoline, as alleged in plaintiff's petition, and the correctness of the net tax claimed, but set up of the net taxable gasoline thus imported, he sold in the month of June, 1932, 12,689 gallons, upon which there was due a tax of $635.45; and in the month of July, 1932, he sold 11,296 taxable gallons, upon which the tax came to $564.80; that the bond which he had filed with the supervisor of public accounts guaranteed the payment of all these taxes, and, accordingly, that under the law he was entitled to defer payment of these taxes until the gasoline had been sold, and to make a report within 20 days after the expiration of each month, showing the amount of taxable gasoline sold during the month covered by the report, and to pay taxes thereon at that time; that he was entitled to report his June sales and to pay the tax thereon on July 20, 1932, and to report his July sales and pay the tax thereon on August 20, 1932.

It is further alleged that under a misapprehension of the law, induced and concurred in by one of plaintiff's representatives, he had not made the proper report on July 20, 1932, and instead, had filed a report of his importations on July 10, 1932, as would have been required had there been no bond, but that on August 20, 1932, subsequent to the filing of this suit, he had filed reports, as required by law, for both months and had offered to pay plaintiff all taxes due, as well as 10 per cent. attorney's fees on the June gasoline, and the costs then accrued in this suit, which tender was refused; that his tender of payment of the July taxes was timely and that no penalty or attorney's fees had accrued thereon, and that as to the June taxes, no penalty could be collected because, first, his failure to file that report in time had been induced by plaintiff's representative, and, second, because the provisions of the statute fixing this penalty was unconstitutional and that therefore plaintiff was entitled to judgment against him only for the net taxes due, with 10 per cent. attorney's fees on the June taxes and the

---

costs accrued up to the time of the tender, and that its demand for penalties and for attorney's fees on the July gasoline should be rejected, with all costs accruing subsequent to the legal tender.

Defendant Great American Indemnity Company filed an answer denying that it was indebted unto plaintiff for the amount sued for, but admitted it was indebted unto plaintiff for the tax upon the gasoline sold by the defendant Mahr between the dates of June 1, and June 22, 1932, both dates inclusive, due to the fact that its liability, as surety on the bond it executed for defendant Mahr, had terminated on June 22, 1932, and that the bond only covered the tax due on the sales made during the time the bond was in effect. Defendant further alleged that it was not liable to plaintiff for penalties and attorney's fees in any sum, due to the fact that no demand was made on it for payment of any tax due by its principal, and that since it was not put in default, it should not be required to pay penalties and attorney's fees sued for by plaintiff.

During the trial of the suit, an exception of no cause of action was filed by defendant Great American Indemnity Company. The exception was overruled by the trial court and is not urged here.

The case was tried on an agreed statement of facts which resulted in judgment for plaintiff and against defendants, in solido, for the full amount of the taxes sued for, with a 20 per cent. penalty and 10 per cent. attorney's fees on the June tax, which was based on the quantity of gasoline sold during the month of June, but without penalty or attorney's fees on the July taxes, or the tax due on the quantity of gasoline sold in the month of July. The judgment assesses the costs against defendants. From this judgment the plaintiff and defendant Great American Indemnity Company both appealed, and defendant Mahr answered the appeal asking that the judgment be amended by rejecting the 20 per cent. penalty and attorney's fees on all the taxes, and to tax plaintiff for the costs.

The statement of facts discloses the following:

During and prior to the month of June, 1932, defendant Mahr was engaged in the gasoline business in Monroe, La., as a retail dealer, buying gasoline both in and out of the state and holding it for sale, use, and consumption herein, and had paid all gasoline tax, due on gasoline imported prior to June 1, 1932. In February, 1932, he executed and filed with the supervisor of public accounts a bond, with the Great American Indemnity Company as surety thereon, guaranteeing the payment of all gasoline taxes due by him to the state of Louisiana. On May 20, 1932, the Great American Indemnity Company addressed a letter to defendant Mahr and to the supervisor of public accounts, notifying both parties of its intention to terminate its liability on the bond. This letter being received by Mahr and by the supervisor on May 23d. The letter provided for the termination of liability under the bond thirty days thereafter. In line with this notice, the supervisor, on June 22, 1932, addressed a letter to defendant Mahr demanding a new bond. This letter was received by him on June 23, 1932. No new or additional bond was ever furnished.

Between the dates of May 30th and June 21st, defendant imported into this state 24,727 gallons of gasoline, but on that amount he was entitled to an allowance of 3 per cent. for shrinkage, leaving a net of 23,985 gallons of taxable gasoline imported during this period, and, while the bond of the Great American Indemnity Company was still in effect, and the total tax due on this taxable gasoline, at 5 cents per gallon, is $1,199.25. A report of the June importations was duly filed by defendant Mahr. This report had been made out by an assistant to the supervisor, and, on July 19, 1932, this assistant addressed a letter to Mahr, inclosing a copy of this report with the original invoices from which it had been prepared, demanding payment of the entire tax of $1,199.25.

Of the taxable gasoline imported by defendant between May 30 and June 21, 1932, he sold 12,689 gallons in June and 11,296 gallons in July, and filed reports of sales for both months in the office of the supervisor of public accounts on August 20, 1932. He did not file reports of sales and tender payment of the June taxes on July 20, 1932. At the time these reports were filed on August 20, 1932, he offered to pay the taxes, attorney's fees, and court costs on the June gasoline, aggregating $709.40, and the tax on the July gasoline account, amounting to $564.80, but the offer was refused and a legal tender was made unnecessary by this refusal.

Attached to the statement of facts were certain exhibits comprising correspondence between the supervisor and the surety, which, under our finding, are unnecessary to relate here.

All of the gasoline on which the state is suing for taxes was imported into the state and received by defendant Mahr between the dates of May 31 and June 21, 1932, at which time the bond executed by the Great American Indemnity Company was in full force and effect. Under the acts, the tax on said gasoline was owing from the date it was received by defendant Mahr, but due to the fact that he had executed a bond in favor of the state, he was under the act granted the privilege of paying on the 20th of the following month for all gasoline sold the previous month.

Act No. 6 of 1928 (Ex. Sess.), § 4, as amended by Act No. 8 of 1930, provides that any dealer bringing gasoline or motor fuel into the state of Louisiana for sale, use, or consumption therein, shall immediately pay to the said supervisor of public accounts the taxes levied therein, which is made due and payable immediately upon same coming within the boundaries of this state. The same section further provides that upon the dealer furnishing bond guaranteeing the payment of any tax, penalty, or costs accrued or accruing under this act, the dealer may only pay the tax on the amount of gasoline sold the previous month on or before the 20th day of the following month, at which time in any event he must file a report of the gasoline sold the previous month, and the tax levied herein shall become delinquent the day after the date fixed for filing of said report.

The same section further provides that failure to pay any tax, penalties, or costs accruing under this act shall ipso facto make the said tax, penalty, and cost delinquent and shall be construed as an attempt to avoid the payment of same.

All the tax owed by defendant Mahr was protected by the bond of the indemnity company. By virtue of said bond, he was privileged to pay only on his sales. He nevertheless owed for the entire amount he had imported. If defendant Mahr had filed his report on July 20th and paid on the sales during the month of June, he would have been within his rights, but when he failed to file his report on July 20th and pay on the sales of the previous month, we think, under the plain provisions of section 4 of the Act, as amended, that the entire amount of tax he owed to the state on all gasoline imported between May 30th and June 21st became delinquent. This being true, his action in filing a report on August 20, 1932, and offering to pay, can avail him nothing. Suit was filed July 27th, after all taxes due had become delinquent, and the penalties and attorney's fees claimed under the act should have been allowed. The act specifically does away with the right defendant or his bondsman had to claim a demand for payment before any penalties or attorney's fees can be allowed. The bond guaranteed the payment of the amount of taxes due, with penalties and costs. It therefore follows that whatever judgment is rendered against defendant Mahr will be rendered against the bonding company, in solido.

Defendant Mahr urges the unconstitutionality of the act, in so far as penalties and attorney's fees are concerned, basing same on the fact that the Constitution limits the amount of tax to be placed on gasoline, and that when penalties and attorney's fees are added, it exceeds the amount allowed by the Constitution. There is no prohibition in the Constitution against charging a delinquent taxpayer either interest or penalties, when the delinquency forces the state to proceed judicially in order to collect the tax. The grant of power to tax carries with it authority to use all means to accomplish the object, and the imposition of penalties is a legitimate means of collecting revenues.

The other defense set up of estoppel, due to defendant Mahr having been misled by the acts of an assistant of the supervisor of public accounts, is without force. The state of Louisiana cannot be estopped from collecting the taxes due it by the acts of one of its agents.

We think the interpretation given section 4 of the act by us completely obliterates all defenses urged by both defendants.

It therefore follows that the judgment of the lower court will have to be amended by awarding 20 per cent. penalty upon the entire amount of the judgment, together with 10 per cent. in addition, on both principal and penalty, on the entire amount of the judgment, together with costs, to be paid by defendants.